## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert Minnich,<br><br>    Plaintiff,<br><br> – against–<br><br><br>NEXA Mortgage, LLC<br><br>    Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT** |

## <u>COMPLAINT</u>

Plaintiff, Robert Minnich (hereinafter "Plaintiff"), by and through Plaintiff's attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendant, NEXA Mortgage, LLC ("Defendant" or "NEXA") alleges as follows:

## <u>INTRODUCTION</u>

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA").

## <u>PARTIES</u>

2. Plaintiff is an adult citizen of the Commonwealth of Pennsylvania who resides in Whitehall, PA.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant is a Georgia limited liability company headquartered at 3100 W Ray RD STE 201, Office 209, Chandler, AZ 85226.

**JURISDICTION AND VENUE**

5.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

6.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**FACTUAL ALLEGATIONS**

7.  In March 2023, Alex Carlucci, an employee of NEXA, contacted Plaintiff, on behalf of NEXA, and asked for Plaintiff's information to discuss a potential cash-out refinance transaction.

8.  At all times pertinent hereto, Defendant was acting by and through Mr. Carlucci, its agent, servant and/or employee, who was acting within the scope and course of his employment for NEXA, and under the direct supervision and control of the Defendant.

9.  At all times pertinent hereto, the conduct of Defendant, as well as that of its agent, servant and/or employee, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

10. Mr. Carlucci assured Mr. Minnich that he would be conducting a "soft inquiry" on Mr. Minnich's credit and thus, that there would be no effect on Mr. Minnich's credit.

11. However, on March 21, 2023, Mr. Carlucci initiated a **_hard_** inquiry on Mr. Minnich's credit report, without Mr. Minnich's authorization. At no time did Mr. Carlucci obtain any authorization, let alone written authorization, from Mr. Minnich to submit this hard inquiry.

12. Not only that, but Mr. Carlucci later initiated a second hard inquiry, again without authorization, on Mr. Minnich's credit, on March 23, 2023.

13. At no time with respect to the inquiries complained of herein did Mr. Carlucci obtain authorization, let alone written authorization, from Plaintiff for Defendant to access or make an inquiry on Plaintiff's consumer credit report.

14. Defendant had no reason to believe that Plaintiff had authorized Defendant to access Plaintiff's consumer credit report or make an inquiry on Plaintiff's credit.

15. Defendant obtained Plaintiffs' consumer credit report and caused at least 2 credit inquiries to be made on Plaintiff's credit report on March 21, 2023 and March 23, 2023 - without Plaintiff's consent or authorization and without a permissible purpose.

16. On March 24, 2023, Defendant, through Mr. Carlucci, drafted a correspondence admitting that the hard inquiries were in error and that Mr. Carlucci had told Mr. Minnich that he would only do a "soft pull."

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## CLAIM FOR RELIEF

17. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

18. Under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. 1681b, it is permissible to obtain or use a consumer report only with the consumer's written consent or for a permissible purpose.

19. Defendant did *not* have Plaintiff's written consent to access Plaintiff's consumer report.

20. Defendant lacked a permissible purpose for accessing Plaintiff's consumer report.

21. Defendant's access of Plaintiff's consumer credit report without Plaintiff's consent for the purposes of determining if Plaintiff qualified for financing *did not* constitute a permissible purpose for Defendant to access Plaintiff's consumer report or make any inquiries on Plaintiff's credit.

22. By engaging in the aforementioned conduct, Defendant has violated the FCRA.

23. Defendant's violations of the FCRA were negligent and/or willful.

24. The false inquiry and obtaining of Plaintiff's consumer credit report under false pretenses negatively affected Plaintiff's credit score, and thus negatively affected Plaintiff's credit scores affiliated with said credit reports.

25. As a result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the

inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages.

**WHEREFORE**, as to Count I, Plaintiff demands that judgment be entered against Defendant as follows:

1. That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
ANTRANIG GARIBIAN, ESQUIRE
Attorney I.D. No. 008492005
1800 John F. Kennedy Boulevard, Suite 300
Philadelphia, PA  19103
(215) 326-9179
ag@garibianlaw.com
*Counsel for Plaintiff*